IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN BUTLER,<br><br>           Plaintiff,<br><br>vs.<br><br>LANCASTER COUNTY SHERIFF'S OFFICE, and MULTIPLE LANCASTER COUNTY SHERIFF'S DEPUTIES,<br><br>           Defendants. | 4:23CV3140<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, filed by Plaintiff Steven Butler on July 31, 2023. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff, a nonprisoner, is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Lancaster County Sheriff's Office and "Multiple Lancaster County Sheriff's Deputies." Filing No. 1 at 2. Plaintiff states his claim as follows:

> Plaintiff appeared voluntairly [sic] at the Lancaster County Courthouse in response to a non-related matter before the Court. As the Plaintiff was seated in a public hallway, multiple law enforcement officers approached him and began to physically seize him. Unsure of what was happening, the Plaintiff held onto the arm of his chair to avoid being thrown to the floor. Plaintiff did not threaten or attempt to take or touch the officers' equipment. Plaintiff was immediately sprayed in the face with pepper spray and was pinned to the ground by several officers with one of his arms stuck under his body. When he was unable to produce the arm for handcuffing, he was

tazed. Plaintiff sought and received medical treatment for injuries sustained during this incident.

*Id.* at 4.

As relief, Plaintiff seeks $500,000 in damages for his physical injuries, pain and suffering, and emotional distress, and $750,000 in punitive damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

As an initial matter, Plaintiff's § 1983 claims may not be asserted against the Lancaster County Sheriff's Office because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit."  *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

Liberally construing the Complaint, Plaintiff also seeks damages from multiple, unnamed Lancaster County Sheriff's Deputies for violations of his Fourth Amendment right to be free from excessive force.  "An excessive force claim 'is governed by the Fourth

Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment." *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted). To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized"[1] within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable[2] given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

Plaintiff does not specify in what capacity he is suing the sheriff's deputies. Thus, the Court must presume that the officers are sued in their official capacity only. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the

---

[1] To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[ ] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id.* (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

[2] "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted); *see also Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *4 (E.D. Mo. Oct. 23, 2008) ("The Court must consider factors such as the severity of the suspected crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or attempting to evade arrest.").

4

defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).  A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, Lancaster County.  See *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.  A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)).  Lancaster County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights.  See *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations of an official policy or custom in his Complaint. Therefore, he has not alleged sufficient facts to "nudge" his claim against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard.

Even if Plaintiff had sued the sheriff's deputies in their individual capacities, the Complaint lacks sufficient factual allegations to state a plausible Fourth Amendment claim as Plaintiff does not allege when this excessive force incident occurred nor does he include any facts describing what role each individual deputy played in the incident. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Moreover, "[i]t is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Here, the allegations in Plaintiff's Complaint regarding these multiple, unnamed sheriff's deputies are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. See *id.* The Complaint "does not sufficiently allege who [these] Defendants are, what they allegedly did, . . . or any other facts that would permit [them] to be noticed or identified through discovery." *Id.*

## IV.  CONCLUSION

Plaintiff cannot pursue § 1983 claims against the Lancaster County Sheriff's Office, and the Court will dismiss this defendant from this matter as it is a non-suable entity. Plaintiff's Complaint also fails to state a claim upon which relief may be granted against the Multiple Lancaster County Sheriff's Deputies and is, thus, subject to preservice dismissal under 28 U.S.C. § 1915(e)(2).  However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible excessive force claim against specific, named Lancaster County sheriff's deputies in their individual capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's claims against the Lancaster County Sheriff's Office are dismissed without leave to amend, and the Lancaster County Sheriff's Office is terminated as a defendant to this action.

3. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant.  Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

7

4. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

6. The Clerk of Court is directed to terminate Lancaster County Sheriff's Office as a defendant in this case.

7. The Clerk of Court is further directed to set a pro se case management deadline using the following text: **September 1, 2023**: amended complaint due.

8. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 2nd day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge